IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISMAEL VICTORIANO RAMIREZ ESTRADA, an individual, and MYNOR MARTIN CARRETO PAZ, an individual, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> PAO PAO, INC., an Illinois corporation d/b/a GREAT SEA RESTAURANT, J.P. ENVIRONMENTAL PRODUCTS CORPORATION, an Illinois corporation, formerly d/b/a GREAT SEA CHINESE RESTAURANT, FRANK S. WANG, an individual, and HSIANG Y. LIU, an individual, <br><br> Defendants. | Case No. 1:19-cv-05006 |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiffs, Ismael Victoriano Ramirez Estrada ("Ramirez") and Mynor Martin Carreto Paz ("Carreto") (together "Plaintiffs"), on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Pao Pao, Inc., an Illinois corporation d/b/a Great Sea Restaurant, J.P. Environmental Products Corporation, an Illinois corporation formerly d/b/a Great Sea Chinese Restaurant, Frank S. Wang, and Hsiang Y. Liu (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the

1

Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek, while compensating the Plaintiffs, and other similarly situated employees, on an improper salary basis. Plaintiffs, and other similarly situated employees, are current and former food preparers, dishwashers and other kitchen staff employees of Defendants' Great Sea Chinese Restaurant and Great Sea Restaurant.

2. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in this collective action are attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Ramirez is a former employee of the Defendants' Great Sea Chinese Restaurant located at 3254 West Lawrence Avenue in Chicago, Illinois and Defendants' Great Sea Restaurant located at 3253 West Lawrence Avenue in Chicago, Illinois. Plaintiff Ramirez worked as a food preparer and kitchen helper at Defendants' restaurants from approximately October 1, 2016 through the end of May, 2019.

6. Plaintiff Carreto is a former employee of the Defendants' Great Sea Chinese Restaurant located at 3254 West Lawrence Avenue in Chicago, Illinois and Defendants' Great Sea Restaurant located at 3253 West Lawrence Avenue in Chicago, Illinois. Plaintiff Carreto worked as a dishwasher at Defendants' restaurants from approximately July 25, 2018 through April 14, 2019.

7. During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, cleaning products, kitchen equipment, tools and utensils which moved in interstate commerce prior to being used or purchased in Illinois.

8. Plaintiffs reside in and are domiciled in this judicial district.

9. Defendant J.P. Environmental Products Corporation ("J.P. Environmental") is an Illinois corporation that formerly did business as and operated the Great Sea Chinese Restaurant located at 3254 West Lawrence Avenue in Chicago, Illinois and was engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

10. Defendant J.P. Environmental earned more than $500,000 in annual gross revenue during 2016, 2017, 2018 and 2019, including not less than $587,411 in 2016, $1,248,900 in 2017, and $1,356,592 in 2018.

11. Defendant J.P. Environmental is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

12. Defendant Pao Pao, Inc. is an Illinois corporation formed on or about January 17, 2019. Defendant Pao Pao, Inc. owns and operates the Great Sea Restaurant located at 3253 West Lawrence Avenue in Chicago, Illinois and is engaged in selling and serving the identical

3

prepared food and beverages to customers for consumption on and off its premises as was sold by Defendant, J.P. Environmental doing business as the Great Sea Chinese Restaurant.

13. Defendant Pao Pao, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

14. On information and belief, Defendant, Pao Pao, Inc. earned more than $500,000 in revenue in 2019.

15. Defendant Frank S. Wang ("Wang") is the owner of Defendant J.P. Environmental and the Great Sea Chinese Restaurant.

16. At all times relevant to this action including from 2016 through at least March, 2019, Defendant Wang possessed extensive oversight over the Great Sea Chinese Restaurant and its business operations. Defendant Wang was a decision-maker with respect to the restaurant's payroll and wage and hour practices; he possessed the authority to hire and fire its employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

17. Defendant Wang resides in and is domiciled within this District.

18. Defendant Hsiang Y. Liu ("Lillie") was the manager of the Great Sea Chinese Restaurant and is a manager of the Great Sea Restaurant.

19. At all times relevant to this action, Defendant Lillie possessed extensive oversight over the Great Sea Chinese Restaurant, the Great Sea Restaurant and their business operations. Defendant Lillie was a decision-maker with respect to both restaurants' payroll and wage and hour practices; she possessed the authority to hire and fire employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

20. Defendant Lillie resides in and is domiciled within this District.

21. On or about March 24, 2019, and in response to wage claims asserted by employees of the Great Sea Chinese Restaurant, Defendant J.P. Environmental closed the Great Sea Chinese Restaurant located at 3254 W. Lawrence Avenue.

22. Also in response to wage claims asserted by employees of the Great Sea Chinese Restaurant, Defendant J.P. Environmental sold all, or substantially all, of the assets of the Great Sea Chinese Restaurant to Defendant, Pao Pao, Inc.

23. Shortly thereafter, during the end of March, 2019 and early April, 2019, employees of the Great Sea Chinese Restaurant, including Plaintiffs Ramirez and Carreto, were directed to relocate all of the assets, or substantially all of the assets of the Great Sea Chinese Restaurant, across the street to the Great Sea Restaurant located at 3253 West Lawrence Avenue.

24. Defendant Pao Pao, Inc. offered employment to all of the employees, workers and managers previously employed by Defendant, J.P. Environmental, including Plaintiff Ramirez and Carreto.

25. Before the sale of all or substantially all of the assets of the Great See Chinese Restaurant to Defendant Pao Pao, Inc., J.P. Environmental would have been able to provide relief sought by the Plaintiffs in this lawsuit because it operated an economically successful restaurant.

26. At the time of the sale of all of the assets, or substantially all of the assets, of Great See Chinese Restaurant, Defendant Pao Pao, Inc. had notice of the claims now brought by Plaintiffs because of the federal wage and hour claims asserted by Plaintiffs' co-workers in the matter of <u>Leoncio Gomez, et al. v. J.P. Environmental Products Corporation, et al</u>., Case No.

5

1:18-cv-08005 pending in the United States District Court for the Northern District of Illinois, which Defendant Pao Pao, Inc. undoubtedly learned during its due diligence for its purchase.

27. On information and belief, Defendant J.P. Environmental likely cannot provide the relief Plaintiffs seek in this lawsuit because it no longer operates the Great Sea Chinese Restaurant and thus holds little, if any, funds or assets.

28. On information and belief, Defendant Pao Pao, Inc. is able to provide the relief Plaintiffs seek because it owns and operates the Great Sea Restaurant, an economically successful restaurant.

29. Successor liability is the default rule under the FLSA and there are no good reasons to withhold such liability from Defendant, Pao Pao, Inc. in this case.

**COMMON ALLEGATIONS**

30. During the period from November, 2016 through the end of May, 2019, Plaintiff Ramirez regularly worked six (6) days a week. On Sunday, and Tuesday through Thursday, Plaintiff Ramirez typically worked from 10:30 a.m. to 9:30 p.m.; and, on Friday and Saturday, he typically worked from 10:30 a.m. to 10:00 p.m. Plaintiff Gomez typically did not work Monday.

31. Based on his schedule, Plaintiff Ramirez regularly worked sixty-seven (67) hours in individual workweeks from November, 2016 through the end of May, 2019.

32. Defendants paid Plaintiff Ramirez a bi-monthly salary on the 15th day and the last day of each month with unreported cash in amounts ranging from $750.00 to $1,300.00 during the relevant period.

33. Defendants paid Plaintiff Ramirez below the federal and state minimum wage rate throughout most of his employment, and Defendants paid Plaintiff Ramirez below the municipal minimum wage rate during the entire term of his employment with Defendants.

34. Defendants did not pay Plaintiff Ramirez an overtime premium for hours worked in excess of forty (40) in any workweek.

35. During the period from July 25, 2018 through April 14, 2019, Plaintiff Carreto regularly worked six (6) days a week. On Sunday through Wednesday, Plaintiff Carreto typically worked from 10:30 a.m. to 9:30 p.m.; and, on Friday and Saturday, he typically worked from 10:30 a.m. to 10:30 p.m. Plaintiff Carreto typically did not work Thursday. However, Plaintiff Carreto would occasionally work an entire seven (7) day work week including Thursdays.

36. Based on his schedule, Plaintiff Carreto regularly worked at least sixty-eight (68) hours in individual workweeks from July 25, 2018 through April 14, 2019.

37. Defendants paid Plaintiff Carreto a bi-monthly salary on the 15th day and on the last day of each month with unreported cash in amounts ranging from $900.00 to $1,100.00 during the relevant period.

38. Defendants paid Plaintiff Carreto below the federal and state minimum wage rate throughout most of his employment, and Defendants paid Plaintiff Carreto below the municipal minimum wage rate during the entire term of his employment with Defendants.

39. Defendants did not pay Plaintiff Carreto an overtime premium for hours worked in excess of forty (40) in any work week.

40. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

7

41. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former food preparers, dishwashers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

42. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former food preparers, dishwashers and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

43. Plaintiffs, and other similarly situated current and former food preparers, dishwashers and kitchen staff employees, were paid below the federal minimum wage rate.

44. Plaintiffs, and other similarly situated current and former food preparers, dishwashers and kitchen staff employees, worked more than forty (40) hours in individual workweeks and received no overtime compensation for hours worked in excess of 40 in a workweek due to unlawful salary arrangements.

45. Plaintiffs, and the other similarly situated food preparers, dishwashers and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay minimum wages, and willfully refusing to pay overtime compensation when they worked in excess of forty (40) hours in an individual workweek.

46. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) compensating the named Plaintiffs and other similarly situated current and former food preparers, dishwashers and kitchen staff employees below the required minimum wage and (b) never paying overtime compensation to the named Plaintiffs and other similarly situated current and former food preparers, dishwashers and kitchen staff employees for any hours worked in excess of forty (40) in a workweek.

47. Defendants at all times failed to pay Plaintiffs, and other similarly situated food preparers, dishwashers and kitchen employees, any overtime compensation, including at a rate of one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

48. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA minimum wage and maximum hour provisions.

49. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

50. There are numerous similarly situated current and former food preparers, dishwashers and kitchen staff employees who worked for Defendants' restaurants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

51. The similarly situated current and former food preparers, dishwashers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

52. Plaintiffs hereby incorporate paragraphs 1 through 51 as though stated herein.

53. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

54. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

9

55. During the course of Plaintiffs' employment with Defendants, Defendants employed other food preparers, dishwashers and kitchen staff employees who were similarly not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

56. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

57. Defendant J.P. Environmental is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a).

58. Defendant Pao Pao, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a).

59. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and the other non-exempt food preparers, dishwashers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

60. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

61. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs and other food preparers, dishwashers and kitchen staff employees were scheduled to work and did work more than forty (40) hours in a work week. Defendants further avoided overtime wage obligations by placing Plaintiffs and other food preparers, dishwashers and kitchen staff employees on an illegal salary compensation plan paid

in cash "under the table". On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Ismael Victoriano Ramirez Estrada and Mynor Martin Carreto Paz, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Pao Pao, Inc., J.P. Environmental Products Corporation, Frank S. Wang, and Hsiang Y. Liu, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

62. Plaintiffs hereby incorporate paragraphs 1 through 51 as though stated herein.

63. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

64. Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

65. During the course of Plaintiffs' employment with Defendants, Defendants employed other food preparers, dishwashers and kitchen staff employees who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

66. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

67. Defendant J.P. Environmental is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

68. Defendant Pao Pao, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

69. Pursuant to 29 U.S.C. § 206, Plaintiffs, as well as other non-exempt food preparers, dishwashers and kitchen staff employees were entitled to be compensated according to the applicable minimum wage rate.

70. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and other non-exempt food preparers, dishwashers and kitchen staff employees minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiffs with cash "under the table" and providing no wage statement records. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Ismael Victoriano Ramirez Estrada and Mynor Martin Carreto Paz, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Pao Pao, Inc., J.P. Environmental Products Corporation, Frank S. Wang, and Hsiang Y. Liu, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

71.    Plaintiffs hereby incorporate paragraphs 1 through 40 as though stated herein.

72.    Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

73.    Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

74.    Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

75.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

76.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Ismael Victoriano Ramirez Estrada and Mynor Martin Carreto Paz, pray for a judgment against Defendants, Pao Pao, Inc., J.P. Environmental Products Corporation, Frank S. Wang, and Hsiang Y. Liu, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

77. Plaintiffs hereby incorporate paragraphs 1 through 40 as though stated herein.

78. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

79. Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

80. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

81. Pursuant to 820 ILCS § 105/4, Plaintiffs were entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiffs, Ismael Victoriano Ramirez Estrada and Mynor Martin Carreto Paz, pray for a judgment against Defendants, Pao Pao, Inc., J.P. Environmental Products Corporation, Frank S. Wang, and Hsiang Y. Liu, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## Count V
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

82. Plaintiffs hereby incorporate paragraphs 1 through 40 as though stated herein.

83. Plaintiffs were each an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

84. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

85. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

86. Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiffs, Ismael Victoriano Ramirez Estrada and Mynor Martin Carreto Paz, pray for a judgment against Defendants, Pao Pao, Inc., J.P. Environmental Products Corporation, Frank S. Wang, and Hsiang Y. Liu, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

15

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

87. Plaintiffs hereby incorporate paragraphs 1 through 40 as though stated herein.

88. Plaintiffs were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

89. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

90. Under § 1-24-020(a), Plaintiffs were entitled to be compensated according to the minimum wage requirements of CMWO.

91. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiffs, Ismael Victoriano Ramirez Estrada and Mynor Martin Carreto Paz, pray for a judgment against Defendants, Pao Pao, Inc., J.P. Environmental Products Corporation, Frank S. Wang, and Hsiang Y. Liu, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: July 25, 2019

Respectfully submitted,
Ismael Victoriano Ramirez Estrada and
Mynor Martin Carreto Paz,
on behalf of themselves and all other
plaintiffs similarly situated, known and
known,
Plaintiffs,

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com